## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEROME HAYDEN**                                           **CIVIL ACTION**

**versus**                                                   **NO. 06-8732**

**BURL CAIN (WARDEN)**                                        **SECTION: "B" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner previously filed a federal *habeas corpus* challenging the same conviction and sentence challenged in this application:  Jerome Hayden v. N. Burl Cain, Civil Action No. 05-2225 "B"(1).[2]  In that prior case, the undersigned issued a report recommending that petitioner's application be dismissed as untimely filed, and that recommendation is currently pending before the United States District Court Judge.[3]  Because it is clear that the instant application is likewise untimely, it may also be dismissed on that basis without the necessity of a response by the state.[4]

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 17, 1997, he was convicted of possession of cocaine in violation of La.Rev.Stat.Ann § 40:967.[5]  On May 16, 1997, he was found to be a fourth offender and was

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

[3] Because there has been no final adjudication of that prior application, the instant application should not be considered a "second or successive" petition requiring leave from the Court of Appeals under 28 U.S.C. § 2244(b)(3).  See Whab v. United States, 408 F.3d 116, 118-19 (2nd Cir. 2005); Ching v. United States, 298 F.3d 174, 177 (2nd Cir. 2002).  The undersigned recognizes that the instant application could simply be construed as a motion to amend the prior application.  See Ching, 298 F.3d at 177.  However, because the Report and Recommendation has already been issued with respect to the prior application, the undersigned finds that following that approach would complicate the matter unnecessarily.  The United States District Judge may, however, wish to consolidate these two proceedings for the purposes of his review.

[4] It is also unnecessary to require the state to produce a copy of the state court record, as it previously was submitted in connection with petitioner's prior application and remains in the possession of the Clerk of this Court.  All record citations herein are to that copy of the state court record.

[5] State Rec., Vol. II of II, transcript of April 17, 1997, p. 72; State Rec., Vol. II of II, minute entry dated April 17, 1997.

sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence, with credit for time served.[6]  On May 17, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[7]  He then filed an application for rehearing[8] which was refused on June 30, 2000.[9]  He next filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review which was denied on September 21, 2001.[10]

In connection with his prior federal application, petitioner alleged that he filed a post-conviction application with the state district court in June 2002.  That application was denied in 2004 as untimely.[11]  Petitioner challenged that judgment by filing with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ.[12]  On June 2, 2004, the intermediate appellate court denied that application, finding "no error in the trial court's judgment."[13]  Petitioner then filed

---

[6] State Rec., Vol. II of II, transcript of May 16, 1997, pp. 16 and 18; State Rec., Vol. II of II, minute entry dated May 16, 1997.

[7] State v. Hayden, 767 So.2d 732 (La. App. 4th Cir. 2000) (No. 98-KA-2768); State Rec., Vol. II of II.

[8] State Rec., Vol. II of II.

[9] Supplemental State Rec., Vol. III of III.

[10] State v. Hayden, 797 So.2d 58 (La. 2001) (No. 2000-KO-1886); State Rec., Vol. II of II.

[11] Supplemental State Rec., Vol. III of III, minute entry dated March 22, 2004; Supplemental State Rec., Vol. III of III, Judgment dated April 13, 2004.

[12] Supplemental State Rec., Vol. I of III.

[13] State v. Hayden, No. 2004-K-0790 (La. App. 4th Cir. June 2, 2004); Supplemental State Rec., Vol. I of III.

with the Louisiana Supreme Court an application for a supervisory writ.[14]  On April 29, 2005, the

Louisiana Supreme Court denied that application, citing La.C.Cr.P. art. 930.8 and State _ex rel._

Glover v. State, 660 So.2d 1189 (La. 1995).[15]

On September 2, 2003, petitioner filed with the state district court a "Motion to

Correct Illegal Sentence."[16]  On March 22, 2004, that motion was likewise denied as untimely.[17]  On

June 23, 2005, the Louisiana Fourth Circuit Court of Appeal found "no error in that judgment."[18]

He then filed with the Louisiana Supreme Court an application for supervisory and/or remedial

writs.  On May 26, 2006, the Louisiana Supreme Court denied that application, citing La.C.Cr.P.

art. 930.8, State _ex rel._ Glover v. State, 660 So.2d 1189 (La. 1995), and State _ex rel._ Melinie v. State,

665 So.2d 1172 (La. 1996).[19]  Petitioner sought reconsideration of that ruling, which the Louisiana

Supreme Court likewise denied on September 15, 2006.[20]

---

[14]  Supplemental State Rec., Vol. III of III.

[15]  State _ex rel._ Hayden v. State, 901 So.2d 1056 (La. 2005) (No. 2004-KH-1685); Supplemental State Rec., Vol. III of III.

[16]  State Rec., Vol. I of II.  There is no date-stamped copy of the filing in the state court record; however, in his related petition for a writ of mandamus, petitioner alleged that his motion was filed on September 2, 2003.  State Rec., Vol. I of II.

[17]  See State v. Hayden, No. 2005-K-0780 (La. App 4th Cir. June 23, 2005) (unpublished); State Rec., Vol. I of II.

[18]  State v. Hayden, No. 2005-K-0780 (La. App 4th Cir. June 23, 2005) (unpublished); State Rec., Vol. I of II.

[19]  State _ex rel._ Hayden v. State, 930 So.2d 9 (La. 2006) (No. 2005-KH-2169).

[20]  State _ex rel._ Hayden v. State, 936 So.2d 1266 (La. 2006) (No. 2005-KH-2169).

On October 5, 2006, petitioner filed this federal application for *habeas corpus* relief. In support of this application, he contends that a retroactive change in state law in 2006 has rendered his sentence illegal.

The United States Supreme Court has expressly held that federal district courts are permitted to consider *sua sponte* the timeliness of a state prisoner's federal *habeas corpus* petition. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). The Supreme Court noted that when a court so acts on its own initiative, it must accord the parties fair notice and an opportunity to present their positions. Id. Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.* See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- 5 -

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, unless a petitioner is entitled to one of the exceptions set forth in subsections (B), (C), or (D), subsection (A) applies and a petitioner must bring his § 2254 claims within one (1) year of the date on which his conviction or sentence became "final." For the following reasons, the undersigned finds that none of the exceptions applies in this case.

As noted, § 2244(d)(1)(B) delays commencement of the statute of limitations until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In this case, there is no allegation that petitioner's ability to file a post-conviction application was impeded by any state action.

Section 2244(d)(1)(C) delays commencement of the statute of limitations until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's claim does not involve a newly recognized constitutional right, much less one recognized and made retroactive by the United States Supreme Court. Rather, it concerns merely an amendment to state law. Section 2244(d)(1)(C) is never triggered by changes in *state* law. Finan v. Merritt, No. 802CV2171T30MSS, 2005 WL 3372866, at *3 (M.D. Fla. Dec. 12, 2005).

Section 2244(d)(1)(D) delays commencement of the statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A change in state law does not constitute a *factual* predicate under § 2244(d)(1)(D). See Lo v. Endicott, No. 04-C-0133, 2005 WL 2491465, at *1 (E.D. Wis. Oct. 6, 2005).

Because none of the exceptions applies, the statute of limitations in petitioner's case must be calculated under § 2244(d)(1)(A) from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As with petitioner's prior application, the instant application is clearly untimely under § 2244(d)(1)(A) for the following reasons.

As noted, on September 21, 2001, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence.[21] His conviction therefore became "final" ninety (90) days later when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts

---

[21] State v. Hayden, 797 So.2d 58 (La. 2001) (No. 2000-KO-1886); State Rec., Vol. II of II. In connection with his previous application, petitioner contended that he filed with the Louisiana Supreme Court an application for rehearing and never received a ruling on that application. The undersigned rejected that contention for several reasons. First, there was no evidence that any such application was ever received for filing. In fact, the contrary appeared to be true. Petitioner provided what he contended was a copy of a mailing receipt for that application. Even if that receipt was genuine, it, at best, reflects that petitioner paid the return receipt fee for proof of receipt; however, he furnished no such return receipt, presumably because he had none. Moreover, it is unlikely that had any such application for rehearing been received by the Louisiana Supreme Court it would still be pending some *five years* later. Lastly, even if he filed such an application, it is of no moment. Louisiana Supreme Court Rule IX, § 6, clearly provides that an application for rehearing *will not be considered* in cases, such as this one, where the court merely denied an application for a writ of certiorari or a remedial or other supervisory writ.

v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999);

Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see

also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas*

*corpus* relief commenced on December 20, 2001, and expired one year later on December 20, 2002,

unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides: "The time during

which a *properly filed* application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

As noted, petitioner alleges that he filed a post-conviction application with the state

district court in June 2002; however, that application was subsequently denied by the state district

court as untimely.[22] The Louisiana Fourth Circuit Court of Appeal also denied petitioner's related

writ application, holding: "Relator has failed to provide any support for his allegation that his

application for post conviction relief was timely filed. Consequently, this count [sic] finds no error

in the trial court's judgment."[23] The Louisiana Supreme Court likewise denied petitioner's related

writ application, citing La.C.Cr.P. art. 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La.

---

[22] Supplemental State Rec., Vol. III of III, minute entry dated March 22, 2004; Supplemental
State Rec., Vol. III of III, Judgment dated April 13, 2004.

[23] State v. Hayden, No. 2004-K-0790 (La. App. 4th Cir. June 2, 2004); Supplemental State Rec.,
Vol. I of III.

1995), both of which concern the prescriptive period for filing a state post-conviction application.[24]

The United States Supreme Court has made clear that when, as here, the state courts have rejected a state post-conviction application as untimely, it cannot be considered a "properly filed" application and does not entitle a petitioner to any statutory tolling under 28 U.S.C. § 2244(d)(2).  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

In connection with his prior application, petitioner argued that the state courts erred in dismissing his post-conviction application as untimely.  He alleged that he filed his post-conviction application by mail in June 2002, well within the state prescriptive period, and he attached to that federal application what he purported was a postal receipt which showed delivery of his application to the Orleans Parish Criminal District Court on June 21, 2002.  However, as the undersigned noted in the prior proceeding, that receipt proved nothing.  Even if the receipt was genuine, it, at most, showed that *something* petitioner mailed to the state court was received on that date; it did not establish that the thing mailed and received was his post-conviction application.  Moreover, this Court noted that petitioner provided that same purported "proof" of timely filing to the Louisiana Supreme Court as part of his writ application in case number 04-KH-1685.[25]  That court obviously similarly found the "proof" unconvincing, in that, based on the authorities cited, it indicated that the state post-conviction application was in fact untimely filed.  For purposes of §

---

[24] State *ex rel.* Hayden v. State, 901 So.2d 1056 (La. 2005) (No. 2004-KH-1685); Supplemental State Rec., Vol. III of III.

[25] Supplemental State Rec., Vol. III of III, writ application, Exhibit E.

2244(d)(2), "'that [is] the end of the matter.'"  Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

Because petitioner is entitled to no statutory tolling for that post-conviction application, and because he had no other properly filed state applications for post-conviction relief or other collateral review pending before any state court at any time between December 20, 2001, and December 20, 2002, he is entitled to no statutory tolling under § 2244(d)(2).[26]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before December 21, 2002, in order to be

---

[26]    The Court notes that petitioner filed a "Motion to Correct Illegal Sentence" *after* the expiration of the AEDPA's one-year statute of limitations.  However, an application filed after the expiration of the statute of limitations has no bearing on the timeliness of a petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Moreover, in any event, petitioner would not be entitled to any tolling for that motion because it was likewise denied as untimely filed.

timely. Petitioner's federal application was not filed until October 5, 2006,[27] and it is therefore untimely.

<u>**RECOMMENDATION**</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jerome Hayden be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of October, 2006.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[27] Petitioner signed his application on October 5, 2006. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003).