UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEROME HAYDEN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-8732** |
| **N. BURL CAIN, WARDEN** | * | **SECTION "B"** |

### ORDER AND REASONS

Petitioner, Jerome Hayden moves for federal habeas corpus relief. For the reasons that follow, Petitioner's Motion for relief **DISMISSED** as untimely filed.

### BACKGROUND

Petitioner, Jerome Hayden filed this second federal habeas corpus petition under 28 U.S.C. 2254 where he again challenges his conviction and sentencing for possession of cocaine. (Rec. Doc. 1).[1] Petitioner objects to the Magistrate Judge's report and recommendation that the instant petition be dismissed as untimely. (Rec. Doc. 3). This second federal habeas petition is

---

[1] *Jerome Hayden v. N. Burl Cain*, CA #05-225 B (The first petition was ultimately dismissed in January 2007 as untimely filed.)

deemed filed on October 5, 2006, the date the petitioner signed the petition. Roberts v. Cockrell, 319 F.3d 690, 691 N.2 (5th Cir. 2003).

The challenged conviction occurred on April 17, 1997. On May 16, 1997, the state court found petitioner to be a fourth offender and sentenced him to a term of life imprisonment without benefit of probation, parole, or suspension of sentence, with credit for time served. Hayden appealed and the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence. His application for rehearing was denied in June of 2000 and the Louisiana Supreme Court denied his writ of certiorari in September of 2001.

Hayden claimed that he filed a post-conviction application with the state district court in June of 2002, but the application was denied as untimely on March 22, 2004. Both the Fourth Circuit Court of Appeal and the Louisiana Supreme Court denied his applications for supervisory writs in 2004 and 2005.

On September 2, 2003, Hayden filed a "Motion to Correct Illegal Sentence." This motion was also denied as untimely in the state trial court. The Fourth Circuit Court of Appeal affirmed and the Louisiana Supreme Court denied his application for supervisory and/or remedial writs.

On May 18, 2005, Hayden filed his first federal petition for habeas corpus relief from the same conviction and sentence at issue

here, again under 28 U.S.C. 2254. (Rec. Doc. 1).  The District Attorney was granted several extensions to respond due to Hurricane Katrina.  Hayden objected to the extensions and requested a ruling on his application.  The Court waived a response by the state and obtained a copy of the state court record.  The Magistrate Judge reviewed the state court record and recommended that petitioner's federal habeas petition be dismissed as untimely.

In January 2007, the Court adopted the opinion of the Magistrate Judge and dismissed the petition as untimely.

## **LAW AND ANALYSIS**

Petitioner, Hayden claims his petition is timely and that he was sentenced improperly as a fourth offender.  He argues that the legislature has eliminated life sentences for third and fourth offenders of certain crimes by enacting LA R.S. 15:308.

The District Attorney did not respond in this case and the Court raised the issue of timeliness sua sponte.[2] In the first opinion, the Court found based on the state court record that the Louisiana Supreme Court affirmed the Petitioner's conviction and sentence on September 21, 2001.  Ninety days later when the period expired to seek writs from the United States Supreme Court the conviction became final. Petitioner had until December 20, 2002,

---

[2] Petitioner was given fair notice and opportunity to present his position on the issue of timeliness per Magouirk v. Phillips, 144 F.3d 348,359 (5th Cir. 1998). In objections here, petitioner in fact adequately presented his side on that issue.

one year after December 20, 2001, to file for federal habeas relief.  Tolling was not applicable because Petitioner did not have any properly filed petitions pending in state court. The state courts have consistently rejected petitioner's state post conviction applications as untimely.  According to *Pace v. DiGuglielmo*,544 U.S. 408, 417 (2005), an untimely filed state application cannot be considered a "properly filed" post-conviction application and, thus, it is not subject to any statutory tolling under 28 U.S.C. 2244(d)(2).

The Magistrate Judge found that the certified mail receipt dated June 21, 2002 was not sufficient evidence to prove that the Petitioner's post-conviction application was filed on that date. In addition, the Court noted that the Louisiana Supreme Court was provided with the same evidence and still held that the Petitioner's application was untimely. That "end(s) the matter." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 26 (2002)).

Accordingly, petitioner's objections to the Magistrate Judge's Report and Recommendation are overruled and said Report and Recommendation is adopted as the Court's ruling, along with the foregoing reasons.[3]

---

[3] The federal petition is dismissed as untimely filed.   Petitioner believes that state legislative amendments of sentencing guidelines for third and fourth offenders might afford him relief.  In *State v. Surry*, 943 So.2d 544 (La. App. 2 Cir. 10/26/06), the court ruled "the new provisions do not give eligible persons the right to file a motion in the sentencing court for

**CONCLUSION**

Based on foregoing, this Court holds that the petition is dismissed as untimely. Accordingly, Petitioner's Motion for federal habeas relief is **DENIED**.

New Orleans, Louisiana, this 8th day of March, 2007.

*[signature]*

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

---

amendment, modification, or reconsideration of their sentence." Similarly, the statute does not give the Petitioner the right to file a motion in federal court and the proper place for the Petitioner to apply, according to state court authority, is the Louisiana Risk Review Panel.